UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAHENE PETERKIN,

                              Plaintiff,

                                                              Case # 17-CV-6106-FPG

v.

                                                                DECISION AND ORDER

C.O. SUMMER,

                              Defendant.

*Pro se* Plaintiff Kahene Peterkin ("Plaintiff") filed a complaint against Defendant Correctional Officer Summer ("Defendant") on February 17, 2017. ECF No. 1. On August 28, 2017, the Court granted Plaintiff *in forma pauperis* status ("IFP"). ECF No. 6. On November 10, 2017, Defendant moved to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). ECF No. 14. For the reasons stated below, Defendant's Motion is DENIED.

**DISCUSSION**

Prisoners may not proceed IFP after three or more of their previous suits have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). This rule is commonly referred to as the "three strikes rule." *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010). Even if the Court initially grants a prisoner IFP status, the Court may later revoke that status. *Id*.

Defendant argues that Plaintiff's IFP status should be revoked because three of his previous suits were dismissed. ECF No. 14-1 at 2. While two out of the three suits that Plaintiff previously filed were dismissed for failure to state a claim, one of the three suits, *Peterkin v. Henson*, 04-CV-7775, was dismissed for failure to respond to a motion in a timely manner. See ECF No. 14-1 at 2. Dismissal for procedural defect is not a "strike" for the purposes of the three strikes rule. *Kalwasinski v McCraken*, 09-CV-6295-CJS, 2009 WL 4042973, at *4 (W.D.N.Y. Nov. 19, 2009)

1

("[T]he Second Circuit made clear that a dismissal, in order to qualify as a 'strike' under § 1915(g), must be on the merits, not due to a procedural deficiency, such as failure to exhaust administrative remedies."); 28 U.S.C. § 1915(g) (listing frivolousness, maliciousness, and failure to state a claim upon which relief may be granted as the only grounds for denying IFP status under the three strikes rule). Defendant has therefore only pointed to two "strikes" against Plaintiff.[1] Accordingly, Defendant's Motion to Revoke Plaintiff's IFP Status is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Revoke Plaintiff's IFP Status (ECF No. 14) is DENIED. Defendant must answer Plaintiff's Complaint by March 8, 2018.

IT IS SO ORDERED.

Dated: February 15, 2018
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] The Court relies on Plaintiff's uncontroverted statement in determining that *Peterkin v. Henson* was dismissed for failure to timely respond to a motion. The docket sheet does not specify why the case was dismissed, but it indicates that the case was dismissed without prejudice during a conference. No transcript of the conference has been prepared. If Defendant wishes to provide proof that the case was dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(g), he may do so.

2