UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAHENE PETERKIN,

                                  Plaintiff,            Case # 17-CV-6106-FPG

v.                                                         DECISION AND ORDER

C.O. SUMMER, et al.,

                                  Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Kahene Peterkin brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant Corrections Officer Summer violated his First Amendment right to freely practice his religion.[1] ECF No. 1.

Before the Court are Plaintiff's motions for summary judgment and for sanctions. ECF Nos. 61, 72. For the reasons that follow, Plaintiff's motions are DENIED.

## BACKGROUND

On July 6, 2016, Plaintiff was on the callout sheet to attend Eid ul Fitr congregational prayer services. ECF No. 61 at 19. When the 9:00 a.m. callout occurred, Plaintiff's cell did not open and so he "began yelling from [his] cell to be let out." *Id*. Plaintiff asserts that Defendant "intentionally ignored" him until Defendant knew the callout run was over. *Id*. Then, Defendant came to Plaintiff's cell and asked why he was yelling. *Id*. Plaintiff asked why he was not let out, and Defendant smiled and said, "callouts are done, it's too late," and used an Islamophobic slur. *Id*. at 19-20.

---

[1] The Court previously dismissed other claims and Defendants from this case. ECF No. 6.

Plaintiff filed a grievance about this incident and an investigation occurred. ECF No. 61 at 5, 20. The Inmate Grievance Resolution Committee ("IGRC") noted that Defendant went "on record stating [he] did not refuse to let [Plaintiff] attend religious services on 7/6/16." *Id*. at 9. It also noted that Plaintiff "was on the callout list and should have been allowed to attend," and that "staff have been reminded the importance of reviewing call out list and letting inmates on list attend their call outs." *Id*.

While the IGRC "granted [Plaintiff's grievance] to that extent," *id*., Plaintiff appealed the decision to the Central Office Review Committee ("CORC"), which upheld the determination. *Id*. at 9, 11. CORC noted that Plaintiff was on the callout sheet, and that Defendant "denie[d] refusing Plaintiff out of his cell." *Id*. at 11. It could not determine whether Plaintiff attended the service and noted that "appropriate action was taken to remind staff to review callout lists to ensure inmates are released from their cells in a timely manner." *Id*.

## LEGAL STANDARD

A court grants summary judgment when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a)-(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is the movant's burden to establish the nonexistence of any genuine issue of material fact. If there is record evidence from which a reasonable inference in the non-moving party's favor may be drawn, a court will deny summary judgment. *Id.*

Once the movant has adequately shown the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to present evidence sufficient to support a jury verdict in its favor, without simply relying on conclusory statements or contentions. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing Fed. R. Civ. P. 56(e)).

2

Here, in light of Plaintiff's *pro se* status, the Court will construe his papers liberally "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2009) (quotation marks omitted). Nevertheless, proceeding *pro se* does not relieve Plaintiff from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

## DISCUSSION

### I. Motion for Summary Judgment

Prisoners "retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003). This includes the right to participate in religious services; however, "[a] prisoner's right to practice his religion is . . . not absolute." *Salahuddin v. Coughlin*, 993 F.2d 306, 308 (2d Cir. 1993).

To assess a prisoner's free exercise claim, a court "must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers some legitimate penological objective." *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988). A prisoner's free exercise claims are therefore "judged under a reasonableness test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Ford*, 352 F.3d at 588 (quotation marks omitted).

Plaintiff argues that he is entitled to summary judgment because there are no genuine issues of material fact. Plaintiff states that Defendant refused to let him out of his cell even though he was on the callout sheet, and that he did so intentionally and in violation of Plaintiff's constitutional rights. ECF No. 61. Plaintiff supports his motion by citing his grievance, IGRC's determination,

CORC's decision upholding the determination on appeal, and emails between staff regarding IGRC's instructions for corrective measures. *Id*. at 5-18.

Defendant opposes Plaintiff's motion. ECF No. 64-1. Specifically, Defendant states that he does not recall the events of July 6, 2016, denies that he refused to let Plaintiff attend the service, and says he "did not knowingly deny any inmate any callout and did not use inappropriate language." *Id*. at 1-3.

The Court finds that Defendant has established a genuine issue of material fact as to whether he infringed upon Plaintiff's religious beliefs. Accordingly, the Court denies Plaintiff's summary judgment motion.

## II.     Motion for Sanctions

Plaintiff also requests sanctions[2] due to Defendant's alleged failure to produce the sign-in sheet for services held in the Elmira Correctional Facility mosque on July 6, 2016. ECF No. 72. Plaintiff affirms, without evidentiary support,[3] that sign in sheets should be kept on file for five years. ECF No. 76 at 3.

Defendant has repeatedly stated that the document does not exist. ECF Nos. 46, 48, 75. Moreover, the Court previously decided this issue when it denied Plaintiff's motion to compel the same documents. ECF No. 71. Accordingly, the Court denies Plaintiff's motion for sanctions.

---

[2] Plaintiff purports to bring this motion pursuant to Federal Rules of Civil Procedure 11(d) and 37(b); however, neither rule is applicable or relevant here. Rule 11 "does not apply to disclosure and discovery requests, responses, objections, and motions under Rules 26 through 37," and Rule 37 allows for sanctions against a party who fails to comply with a court order in discovery. *See* Fed. R. Civ. P. 11(d), 37(b).

[3] The Imam at Southport Correctional Facility allegedly told Plaintiff that the Imam at Elmira keeps sign-in sheets on file for five years. ECF No. 76 at 3.

## CONCLUSION

Plaintiff's motions for summary judgment and for sanctions (ECF Nos. 61, 72) are DENIED. By separate order, the Court will schedule a status conference on this matter.

IT IS SO ORDERED.

Dated: August 14, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court