UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

KAHENE PETERKIN,

                                 Plaintiff,                        Case # 17-CV-6106-FPG

     v.                                                                       DECISION AND ORDER

C.O. SUMMER,

                                 Defendant.
───────────────────────────────────

      This is a 42 U.S.C. § 1983 civil rights case that has been set for trial. On October 17, 2019, *pro se* Plaintiff Kahene Peterkin filed a motion asking the Court to appoint counsel to try his case. ECF No. 85. For the reasons stated below, Plaintiff's motion is DENIED.

      There is no constitutional right to appointed counsel in civil cases. *Carlton v. Pearson*, 351 F. Supp. 3d 265, 267 (W.D.N.Y. 2018). Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of

counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted here. This case involves a single claim that Defendant infringed upon Plaintiff's free exercise of religion by refusing to allow him out of his cell to attend Eid ul Fitr congregational prayer services and by yelling "F--- the Muslims" at Plaintiff. ECF No. 1 at 5. Thus, "the trial will likely turn on the jury's determination as to the credibility of the witnesses, not any complex factual or legal issues which Plaintiff is incapable of handling on his own." *Carlton*, 351 F. Supp. 3d at 269. Further, Plaintiff's prior submissions are articulate and it appears that he can adequately present his own claims. While Plaintiff asserts that his glaucoma makes it difficult for him to read small print and will hamper his ability to prepare for trial, he has nevertheless adequately prosecuted this case up to this point, including by participating in discovery and propounding interrogatories. *See id*. (denying appointment of counsel where plaintiff participated in discovery and propounded interrogatories).

Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 85) is DENIED.

IT IS SO ORDERED.

Dated: October 21, 2019
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court