UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAHENE PETERKIN,

                                  Plaintiff,          Case # 17-CV-6106

v.                                                              DECISION AND ORDER

RODNEY SUMMERS

                                Defendant.
_____

## INTRODUCTION

On June 18, 2020, a judgement was entered in favor of Defendant Rodney Summers against Plaintiff Kahene Peterkin. ECF No. 104. On June 25, 2020, Defendant submitted a Bill of Costs seeking reimbursement of $482.36 for Plaintiff's deposition transcript. ECF No. 105. Plaintiff filed a timely opposition to the Bill of Costs. ECF No. 107. Plaintiff filed an additional Declaration in support of the Bill of Costs. ECF No. 108. For the following reasons, the Court grants Defendant's Bill of Costs.

## DISCUSSION

The Court may award costs as outlined under Rule 54(d) of the Federal Rules of Civil Procedure. This rule allows for granting of costs to the prevailing party, other than attorney's fees, "unless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). The Court may "tax as costs" several fees including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). It is the general rule, not the exception, to allow these costs in civil litigation. *McGowan v. Schuck*, No. 12-CV-6557, 2018 WL 6011166, at *1 (W.D.N.Y. Nov. 16, 2018).

"[T]he losing party has the burden to show that costs should not be imposed . . . ." *Nicholson v. Fischer*, No. 13-CV-6072, 2018 WL 6616333, at *1 (W.D.N.Y. Dec. 18, 2018)

1

(quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016)). For instance, costs may be denied based on: (1) misconduct by the prevailing party; (2) the public importance of the case; (3) the difficulty of the issues; or (4) the losing party's limited financial resources. *Id*. Plaintiff objects to the Bill of Costs based on his limited financial resources. ECF No. 107 at 2. Plaintiff was previously granted *in forma pauperis* status by the Court. ECF No. 6. The statute that governs IFP proceedings, 28 U.S.C. § 1915, "expressly provides for awarding costs at the conclusion of the suit or action as in other cases," therefore *in forma pauperis* status on its own is not a persuasive argument to attack a Bill of Costs. *Bausano v. Annucci*, No. 16-CV-6544, 2020 WL 3447780, at *2 (internal quotation marks omitted).

To support his assertion of indignancy, Plaintiff submitted a statement from his inmate account for the month of May 2020. ECF No. 107 at 3. This statement shows a beginning balance of roughly $590 and an ending balance of roughly $559. *Id.* The statement also reflects a steady stream of small payroll deposits throughout the month. *Id.* A Plaintiff's conclusory statements of his inability to pay, paired with the fact that money is flowing into his inmate account is "insufficient to overcome the presumption that costs should be awarded" to the prevailing party. *Kenyon v. Weber*, No. 16-CV-6510, 2019 WL 5064684, at *1 (W.D.N.Y. Oct. 9, 2019).

Plaintiff also claims that the Bill of Costs should be waived because Defendant failed to provide a description of the transcripts prepared, the number of pages, the per-page rate, and the total cost. ECF No. 107 at 2. Defendant, in fact, provided such information. ECF No. 105 at 3.

For the reasons stated above, the Court finds that Plaintiff failed to carry his burden to show that costs should not be imposed.

## CONCLUSION

Defendant's Bill of Costs, ECF No. 105, is granted and Defendant is awarded $482.36 in costs. The Clerk of Court is directed to amend the judgement entered in this case to include the sum stated in the Bill of Costs.

IT IS SO ORDERED.

Dated: July 30, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court